Donald F. STRATHMANN,
Plaintiff–Appellant,

v.

MISSOURI DEPARTMENT OF SOCIAL
SERVICES, DIVISION OF FAMILY
SERVICES, Defendant–Respondent.

No. 54025.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 6, 1988.

Arnold Phillips, Jr., St. Louis, for plaintiff-appellant.

Susan Guerra, Government Counsel, Linda Wasserman, St. Louis, for defendant-respondent.

SMITH, Judge.

Plaintiff appeals from the action of the Juvenile Division of the Circuit Court dismissing his petition for review of a decision of the Division of Family Services finding evidence of abuse by plaintiff of his daughter. This finding was based upon plaintiff utilizing his belt to strike his twelve year old daughter on her legs for a severe and serious violation of parental orders.

Pursuant to Sec. 210.152, RSMo 1986, plaintiff filed his petition for review which was assigned to the juvenile division. By a first amended petition plaintiff sought not only review of the agency decision but also for injunctive relief and attorney's fees pursuant to 28 U.S.C. Sec. 1343, on the basis that the actions of the agency and its employees, joined individually and in their official capacities, violated 42 U.S.C. Secs. 1983 and 1985(3). Such an expansion of the petition for review is not authorized. Sec. 536.140.1, RSMo 1986. The only issue properly before the trial court was the validity of the division's determination. Sec. 210.152.3.

Sec. 210.152.3 additionally provides:

"If the alleged perpetrator is aggrieved by the decision of the circuit court he may seek de novo review in another division of the circuit court *but no further appeal shall be available.*" (Emphasis supplied.)

Article V, Sec. 18, Mo. Const. provides that decisions and findings of an administrative body shall be subject to direct review by the courts "as provided by law." The General Assembly has the right to determine the judicial review to be afforded and the court to provide such review. *Gaslight Real Estate Corporation v. Labor and Industrial Relations Commission*, 604 S.W.2d 818 (Mo.App.1980) [1, 2]; *Tuffli v. Board of Education of the Wentzville R-4 School District*, 603 S.W.2d 77 (Mo. App.1980) [1, 2]. It has made that determination in Sec. 210.152.3 and has terminated the review process at the circuit court level. Plaintiff has not addressed this issue of our jurisdiction even in response to defendant's assertion that we lack jurisdiction.

We have no jurisdiction and the appeal is dismissed.

KAROHL, P.J., and KELLY, J., concur.