HERCULES, INC., and Ireco, Inc., Plaintiffs–Appellants,

v.

STATE TAX COMMISSION OF MISSOURI, Defendant–Respondent.

No. 56274.

Missouri Court of Appeals, Eastern District, Northern Division.

Nov. 28, 1989.

McIlroy & Millan, John M. McIlroy, Sr., & David H. Ash, Bowling Green, for plaintiffs-appellants.

J. Rockne Calhoun, Pros. Atty., Pike County, Bowling Green, for defendant-respondent.

KAROHL, Judge.

This appeal concerns the 1985 appraisal for ad valorem taxation purposes of appellants' chemical plant located in Pike County, Missouri. On January 1, 1985 the entire parcel was owned by Hercules, Inc., and contained a chemical plant. During the year of 1985, Hercules sold a portion of the property to Ireco, Inc. The Pike County assessor valued the parcel as a whole at $17,834,860. Both Hercules and Ireco appealed this valuation to the Board of Equalization, which determined a new value of $11,103,455. Both Hercules and Ireco then appealed to the State Tax Commission. The Commission considered the matter as a contested case within the meaning of § 536.010(2) RSMo 1986.

After an evidentiary hearing, the Commission entered findings of fact and conclusions of law upholding the value set by the Board of Equalization. The Commission noted that when a property owner appeals on the basis of an improper overassessment or overvaluation, it must prove four elements: (1) standing, *Hertz Corporation v. State Tax Commission*, 528 S.W.2d 952, 954 (Mo. banc 1975); (2) formal appeal to the Board of Equalization or County Board of Appeals, §§ 138.180, 138.-430 & 138.460.2; (3) timely and proper appeal to the Commission, §§ 138.110, 138.-430 & 138.460.2; and (4) the true value in money of the subject property on the subject tax day, *Hermel Inc. v. State Tax Commission*, 564 S.W.2d 888, 897 (Mo.

banc 1978). The Commission also stated that there is a presumption of validity and good faith of taxing officials and in favor of the valuation of the taxing authority and the Commission. *Hermel Inc., Id.*

After making these notations of the law, and reviewing the evidence, the Commission found all procedural elements, (1), (2) and (3), were satisfied; but, complainants failed to prove the true value of the property in money under any of the three accepted valuation methods. Because they failed to meet their burden of proof, the decision of the Board of Equalization was affirmed.

The property owners then appealed to the circuit court of Pike County, which found the decision of the Tax Commission to be supported by competent and substantial evidence and not arbitrary, capricious or unreasonable. They appeal this decision.

Appellants' brief cites two points of error. First, they claim the trial court erred in finding the county assessor's [sic, The Board's] valuation was based on substantial and competent evidence. Second, they claim the trial court erred in affirming the State Tax Commission because appellants' evidence at the evidentiary hearing was substantial and competent and sufficient to rebut the presumptive validity of the appraisal.

■ These two points ignore the actual findings of the Tax Commission and the trial court and the standard of review in tax overvaluation appeals. First, on appeal from a circuit court's review of an administrative review, we review the decision of the administrative agency, not the circuit court. *City of Cabool v. Mo. State Bd. of Mediation*, 689 S.W.2d 51, 53 (Mo. banc 1985). Second, the Commission did not find the Board of Equalization Assessment to be valid.[1] It held the appellants failed to meet their burden of proof to demonstrate the true value of the property and failed to rebut the presumption in favor of the

1. The point relied on claims error in accepting the assessor's valuation as stated in the evidence. The assessor's valuation was replaced by the Board of Equalization with a lower valuation. We will ignore this misstatement and address the Board's valuation as did the Commission.

Board's valuation. Thus, the Board's valuation stood.

■ Appellants' first claim fails to identify a valid point of error because the Commission never found that the Board's valuation was based on substantial and competent evidence. Because of available presumptions previously mentioned, the Commission was not required to first determine the evidentiary basis for the assessor's valuation, even if that basis was of dubious validity.

■ Turning to appellants' second point, we must restructure it to identify an error conforming with the Commission's actual findings. The point then must claim the Commission erred in finding appellants did not present sufficient evidence of true value to rebut the presumption in favor of the Board's valuation.

In its findings the Commission discussed the evidence of value presented under the income approach, the market comparison approach and the cost approach and identified problems with the evidence under all three approaches. Appellants' brief only cites authority for its criticisms of the findings regarding the income approach. The argument portion of a brief must be supported by citations of authority unless it is an issue of first impression and in the absence of authority, the point is deemed abandoned. Thus, we will address the issue of valuation under the income approach.

The commission criticized appellants income approach valuation on two grounds. First, the appraisers valued the business after deducting taxes and depreciation, which may not be deducted as operating expenses under this method. Second, appellants' assumption as to future income and expenses were not supported by the record. Their appraisers used profits and losses of the business, not profits and losses of ownership of the property, to determine value. The Commission found the evidence of value based on profits and losses of the business as both too speculative and too remote to support a property tax valuation. It believed business profits may depend on the amount of capital, skill of management, economic cycles and many other elements which do not relate only to value of real estate. In particular "[t]he Commission [found] that the income approach *as utilized by complainants* is not a reliable method for estimating the value of the subject real estate for ad valorem tax purposes." (Our emphasis).

Appellants claim the above criticisms of their income approach valuation are erroneous because their appraisers testified the profit and loss information was relevant to determining value. Appellants admit business profit and loss evidence was once considered too speculative to determine value, but argue that the law is changing or should be changed. In support of this statement, they cite only *Orchard Container Corp. v. Orchard*, 601 S.W.2d 299 (Mo.App.1980), which allowed proof of anticipated profits and losses to support a judgment for recovery of anticipated profits. Appellants also state that it is now possible, by hindsight, to check the accuracy of their experts' income projections against the actual income earned. They cite *St. Louis County v. State Tax Commission*, 515 S.W.2d 446, 453 (Mo.1974), which held the Commission, on remand, may consider additional testimony concerning actual income earned and thus have the benefit of hindsight. This is the extent of appellants' argument supported by authority.

This court's review of a valuation approved by the State Tax Commission is limited to determining if the decision is supported by substantial evidence, whether it is arbitrary, capricious or unreasonable, or if the Commission abused its discretion. *Oberjuerge Rubber v. State Tax. Com'n of Mo.*, 674 S.W.2d 186, 187 (Mo.App.1984). We must defer to the Commission on issues of credibility, *McKenna v. Personnel Advisory Board*, 702 S.W.2d 548, 552 (Mo. App.1985), and this deference includes the Commission's decision to reject evidence as too speculative, *St. Louis County v. Security Bonhomme, Inc.*, 558 S.W.2d 655, 659 (Mo. banc 1977).

Appellants' brief, with minimal supporting authority, fails to identify any error in

the Commission's decision under the above standard of review. We may not question the Commission's decision to reject testimony of appraisers called by appellants that the business profit and loss evidence was relevant. Appellants have failed to demonstrate any defect in the Commission's conclusion that such evidence was too speculative, uncertain or remote, to consider persuasive in property tax cases. The *Orchard Container Corp.* case involved a loss of profits action, not a tax assessment appeal. The fact that the Commission did not accept evidence on actual business profits for that period is irrelevant: it does not affect the correctness of the earlier decision nor does it change the fact that the profits and losses of the business are not necessarily tied to the value of the property. We also note that appellants have failed to cite any authority challenging the Commission's conclusions that the appraisers conducted their income approach valuation of the property incorrectly by deducting taxes and depreciation.

Appellant Hercules Inc., offered some market comparison approach evidence which consisted only of evidence of their own sale of part of the real estate to Ireco Inc. The Commission found this insufficient because: (1) the sale was part of a corporate acquisition by Ireco Inc. of a division of Hercules Inc., involving many corporate assets and liabilities and the involved real estate was not isolated by the parties at an agreed value; and, (2) the sale documents were not offered in evidence but were referred to by experts who made an effort to determine "book value." However, the correlation between "book value" and true value in money was not included in the evidence.

Neither appellant has demonstrated that the assessment was legally insufficient or that the Commission erred in affirming the assessment after finding appellants failed to prove a lesser true value in money of the assessed property. The action of the commission was not erroneous for any reason under the statutory scope of judicial review for a contested case. Section 536.140.2(1)–(7) RSMo 1986.

We affirm.

CRIST and CRANDALL, JJ., concur.