The MAY DEPARTMENT STORES COMPANY, etc., Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. 72082.

Supreme Court of Missouri,
En Banc.

June 19, 1990.

Rehearing Denied July 31, 1990.

Ray Wagner, Missouri Dept. of Revenue, Jefferson City, for appellant.

Alan C. Kohn, Andrew M. Burns, C. Richard Beard, Asst. Secretary and Counsel, St. Louis, for respondent.

BILLINGS, Judge.

This is an appeal by the Department of Revenue from an order of the Administrative Hearing Commission reversing a use tax assessment by the Director of Revenue against the May Department Store Company. Because this appeal involves the construction of a State revenue law this Court has exclusive jurisdiction. *Mo. Const., art. V, § 3.* Affirmed.

The facts have been stipulated. Missouri law imposes, with exceptions, a use tax on the privilege of using any article of tangible personal property that has not been subject to the sales tax. *Sections 144.600 to 144.745,* RSMo 1986. This system has the effect of imposing the sales tax rate on purchases made out of state. The amount of tax due is determined by applying the sales tax rate to the "sales price" of the item in question. *Section 144.610.1* RSMo 1986. *Section 144.605(6)* RSMo 1986 defines "sales price" as, "the consideration *including the charge for services* ... paid or given, or contracted to be paid or given, by the purchaser to the vendor for the tangible personal property, *including any services that are a part of the sale....*" (Emphasis added.)

May transacts business in Missouri under the names "Famous–Barr" and "Venture." May imported items such as

shelves, trade fixtures, racks, paint, price tags, labels, etc. These items were not purchased for resale but were consumed in the course of the retail business. May paid use taxes on the items in question based upon the price it contracted to pay for the goods.

However, the Director of Revenue assessed additional use taxes claiming that the sales price of the items was actually higher than the stated contract price, because the cost of shipping the goods to the purchaser should be included in the sales price calculation; and, therefore, included in determining the amount of tax owed.

May objected to the imposition of the tax, claiming that the freight deliveries were a service separate from the sales and should not be considered. As evidence May produced billing statements and invoices which showed that in all cases the freight charges were either billed separately, were on separate invoices, or were separately itemized.

On appeal the Administrative Hearing Commission reversed the Director. The Commission held that as the freight charges were separately billed they were not a part of the sales price and therefore were not taxable. This appeal followed.

■ The decision of the Administrative Hearing Commission must be upheld if it is authorized by law and supported by competent and substantial evidence upon the record, unless the result is clearly contrary to the reasonable expectations of the General Assembly. *Becker Electric Company, Inc. v. Director of Revenue*, 749 S.W.2d 403, 405 (Mo.banc 1988); *§ 621.193* RSMo 1986.

■ Taxing statutes are to be construed strictly against the taxing authority. *Becker Electric Company*, 749 S.W.2d at 406. Further, the primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning. *Metro Auto Auction v. Director of Revenue*, 707 S.W.2d 397, 401 (Mo. banc 1986). Where the language is clear and unambiguous, there is no room for construction. *Metro Auto Auction*, 707 S.W.2d at 401.

■ The Director of Revenue contends that freight charges should in all cases be included in calculating the sales price of tangible personal property. However, *§ 144.605(6)* is clear and unambiguous. Services rendered are not to be included unless the services are "a part of the sale." In determining whether a service is "a part of the sale" the intention of the parties is the guiding factor. *Kurtz Concrete, Inc. v. Spradling*, 560 S.W.2d 858 (Mo. banc 1978). In the current case, all charges were separately stated. At no time were shipping costs billed as part of the merchandise price. Clearly, the parties to the transactions did not intend to include freight charges. Consequently, the Court concludes the cost of shipping was not a part of the taxable sales price as defined by *§ 144.605(6)*, and the delivery charges cannot be subject to the use tax. This decision is consistent with a uniform line of Missouri Administrative Hearing Commission decisions on this issue. *See, K–Mart Corporation v. Director of Revenue*, No. RS–88–0804, Missouri Tax Reports (CCH) 12,-799 (Mo. Admin. Hearing Comm., June 29, 1989); *Golde's Department Stores, Inc. v. Director of Revenue*, Nos. RS–88–0940 and RS–88–1273, Missouri Tax Reports (CCH) 12,767 (Mo. Admin. Hearing Comm., June 29, 1989); *Builders Sand Co. v. Director of Revenue*, No. RS–85–1959, Missouri Tax Reports (CCH) 11,990 (Mo. Admin. Hearing Comm., August 19, 1987).

The Court notes that the Director has promulgated Rule *12 CSR 10–4.030(1)*, which states, "[w]hen tangible personal property is sold under contract; freight, shipping, and transportation charges are an integral part of the total purchase price and use tax is due on the combined total of the sales price and transportation charges." However, the incidence of taxation is determined by statute and the Director has no power, through regulations or otherwise, to change the force of the law. *Lynn v. Director of Revenue*, 689 S.W.2d 45, 49 (Mo. banc 1985).

The decision of the Administrative Hearing Commission is affirmed.

BLACKMAR, C.J., ROBERTSON, RENDLEN and HIGGINS, JJ., and MORGAN, Senior Judge, concur.

HOLSTEIN, J., concurs in part and dissents in part in separate opinion filed.

COVINGTON, J., not sitting.

HOLSTEIN, Judge, concurring in part and dissenting in part.

I concur as to ninety percent of the assessment approved by the majority, but respectfully dissent as to the remaining ten percent.

Ten percent of the freight charges related to items shipped F.O.B.[1] to the taxpayers' places of business in Missouri. The shipping by the seller as to that ten percent was clearly intended as an integral part of the sale of the goods delivered. The costs of shipping the goods in those situations were as much a part of the services related to the sale as were the services involved in packaging, warehousing and handling the goods in preparation for shipment. Under the theory announced by the majority, if the seller were to itemize other services which were not directly related to manufacturing the goods sold, sales tax would be avoided.

As for the other ninety percent, there is at least a reasonable question as to the intent of the contracting parties regarding whether the shipping charges were a part of the sale price. I take no issue with the Administrative Hearing Commission's conclusion that such charges were not intended as part of the sale.

---

1. This term in a contract generally means the invoice price includes delivery at seller's expense to a designated location. § 400.2–319; RSMo 1986.