**Larry SMITH and Tammy Smith, Appellants,**

v.

**Michael REAGAN, Paula J. Willmarth, Missouri Department of Social Services and Division of Family Services, Respondents.**

**No. 73035.**

Supreme Court of Missouri, En Banc.

March 5, 1991.

Edward Berg, Columbia, for appellants.

Bruce H. Bates, Jefferson City, for respondents.

---

HIGGINS, Judge.

Larry and Tammy Smith appeal the circuit court's determination of substantial and competent evidence to support a decision of the Division of Family Services that there was reason to suspect them of child abuse or neglect. § 210.152, RSMo 1986. Appellants question the constitutionality of the Child Abuse Law, sections 210.110–210.189, RSMo 1986. Appeal dismissed.

The Division of Family Services Child Abuse and Neglect Registry received a medical neglect report on February 17, 1989, that appellants' children had suffered medical neglect. Pursuant to sections 210.-110–210.165, the Division investigated the report and on March 10, 1989, sent a letter to appellants informing them that there was a reason to suspect child abuse or neglect based upon the information discovered during the investigation. On April 5, 1989, appellants filed a Petition for Review of Division of Family Services' Determination of Abuse in the circuit court, which sustained the Division's determination. Appellants filed a notice of appeal on August 22, 1990, asserting jurisdiction in this Court to decide whether specific sections of sections 210.110–210.189 are constitutional pursuant to this Court's exclusive appellate jurisdiction over "cases involving the validity of ... a statute or provision of the constitution of this state." Mo. Const. art. V, § 3.

Section 210.152.3 provides:

Any person named as a suspected perpetrator who is aggrieved by any decision of the division as provided in this section may seek judicial review in the circuit court in the county in which the alleged perpetrator resides.... In any such action for judicial review, the court shall sustain the division's determination if such determination is supported by competent and substantial evidence and is not against the weight of such evidence.... If the alleged perpetrator is aggrieved by the decision of the circuit court he may seek de novo review in another division of the circuit court but no further appeal shall be available.

The Division contends that *Strathmann v. Missouri Department of Social Services, Division of Family Services,* 756 S.W.2d 651 (Mo.App.1988), controls whether this Court has subject matter jurisdiction over this appeal. The court in *Strathmann* dismissed the suspected perpetrator's appeal after the circuit court dismissed his petition for review of a determination by the Division that there was reason to suspect that he was abusing or neglecting his daughter. The *Strathmann* court lacked jurisdiction because the General Assembly had determined that a *de novo* review of the circuit court's dismissal of the petition by another division of the circuit court terminates the review of a Division decision that a reason exists to suspect abuse or neglect. The judgment of an administrative body is subject to direct review by the courts "as provided by law," Mo. Const. art. V, § 18, and the General Assembly determines the judicial review to be afforded. *Gaslight Real Estate Corporation v. Labor and Industrial Relations Commission,* 604 S.W.2d 818, 820 (Mo.App. 1980); *Tuffli v. Board of Education of the Wentzville R–4 School District,* 603 S.W.2d 77, 78 (Mo.App.1980).

Appellants contend this case differs from *Strathmann* because they are challenging the constitutionality of the review procedure; the suspected perpetrator in *Strathmann* sought a merits review by the appellate court. Although this difference does exist, it in no way allays appellants' failure to comply with the exclusive procedure for obtaining judicial review of decisions of the Division established by section 210.152.3. The filing of a petition for *de novo* review in another division of the Randolph County Circuit Court was a required prerequisite for subject matter jurisdiction to attach. Although the Randolph County Circuit Court has only one division, appellants could have secured the assignment of a special judge.

As in *Springfield General Osteopathic Hospital v. Industrial Commission,* 538 S.W.2d 364 (Mo.App.1976), this Court has before it an exclusive statutory procedure rather than a procedural rule of court that could "be treated with some elasticity."

*Id.* at 371, *citing Hansen v. Division of Employment Security*, 520 S.W.2d 150, 152 (Mo.App.1975); *Duzer v. Industrial Commission*, 402 S.W.2d 616, 618 (Mo.App. 1966). Because appellants' admitted failure to comply with the review procedure established by section 210.152.3 was jurisdictionally fatal, this appeal is dismissed.

BLACKMAR, C.J., ROBERTSON, RENDLEN, COVINGTON and HOLSTEIN, JJ., and ULRICH, Special Judge, concur.

BILLINGS, J., not sitting.