**AMERICARE SYSTEMS, INC. d/b/a Charleston Manor, Appellant,**

v.

**MISSOURI DEPARTMENT OF SOCIAL SERVICES, Respondent.**

**No. WD 43853.**

Missouri Court of Appeals, Western District.

May 7, 1991.

J. David Bechtold, Jefferson City, for appellant.

Richard Beaver, Jefferson City, for respondent.

Before BERREY, P.J., and ULRICH and BRECKENRIDGE, JJ.

BERREY, Presiding Judge.

Appellant, Americare Systems, Inc., appeals from a decision by the Administrative Hearing Commission (AHC), affirmed by the circuit court, denying appellant's request for an increase in appellant's Medicaid per diem reimbursement rate. Affirmed. Appellant raises three points on appeal: (1) the AHC misapplied and misinterpreted 13 CSR 40–81.081(7)(D)1.C and 13 CSR 40–81.081(4)(A)3.E because these regulations authorize a Medicaid increase based upon either the replacement of non-depreciated items not the result of normal wear and tear or an upgrading of an existing system; (2) the AHC misapplied the appropriate CSR provisions as the addition of a new hot water system was an extraordinary circumstance beyond appellant's control; and (3) the AHC's finding that the improvements were made for the purpose of upgrading an existing system is not based upon competent and substantial evidence on the whole record.

Appellant operates Charleston Manor, a 120–bed skilled nursing facility in Charleston, Missouri, licensed and certified to par-

ticipate in the Missouri Medicaid program. In 1982 Charleston Manor experienced hot water problems. The existing 26–year–old system failed to provide hot water at the temperatures between 105 degrees and 120 degrees Fahrenheit as required by 13 CSR 15–14.032(22). Although appellant describes the system as a "complete new system," the original system was left in service and a new system was added to it.

Charleston Manor filed a rate consideration request which was received on November 3, 1986. The condition for rate reconsideration was given as "extraordinary circumstances." Initially a $.40 per patient per day increase was requested but this was increased to $.51. The Department of Social Services denied the increase. The increase was rejected because it was found that the installation did not constitute an extraordinary circumstance but represented an upgrade or improvement to the existing system.

Appellant sought review before the AHC. The AHC upheld respondent's denial of an increase to appellant. The Cole County Circuit Court affirmed the decision of the AHC.

■ On appeal from the circuit court's review of an administrative decision this court reviews the decision of the administrative agency, not the decision of the circuit court. *Hercules, Inc. v. State Tax Com,* 787 S.W.2d 739 (Mo.App.1989). The court may reverse the decision of the agency only where no substantial and competent evidence exists to support it, where the agency has abused its discretion or where the agency has acted arbitrarily, capriciously or unreasonably. *Consolidated School Dist. No. 2 v. King,* 786 S.W.2d 217 (Mo.App.1990).

■ The appellant, in Point I, argues that the AHC misapplies and misinterprets 13 CSR 40–81.081(4)(A)3.E and 13 CSR 40–81.081(7)(D)1.C.[1] because these regulations authorize a Medicaid reimbursement based upon either replacement of non-depreciated

items not the result of normal wear and tear or an upgrading of an existing system. The regulations in question read:

13 CSR 40–81.081(7)(1):

(7) Rate Determination. All providers of long-term care services under the Missouri Medicaid program who desire to have their rate changed or established must apply for informal rate reconsideration in accordance with the following procedures and conditions:

. . . .

(D)1. The committee may review the following conditions for rate reconsideration:

. . . .

C. Requests for rate reconsideration which the director may, in his discretion, refer to the committee due to extraordinary circumstances contained in the request and as defined in subparagraph (4)(A)3.E.

13 CSR 40–81.081(4)(A)3.E:

When the provider can show that it incurred higher cost due to circumstances beyond its control and the circumstance is not experienced by the nursing home industry in general, the request must have a substantial cost effect. These circumstances include but are not limited to—

(I) Acts of nature such as fire, earthquakes and flood that are not covered by insurance;

(II) Vandalism and/or civil disorder; or

(III) Replacement of capital depreciable items not built into existing rate that are the result of circumstances not related to normal wear and tear or upgrading of existing systems.

Appellant reads 13 CSR 40–81.081(4)(A)3.E to include "upgrading of existing systems" as a subcategory of extraordinary circumstances. In other words, part III of the relevant regulation gives two circumstances, replacement of capital depreciable items not built into the existing

---

1. The CSR's have been renumbered since their use in the instant case. 13 CSR 40–81.081 is now designated as 13 CSR 70–10.010. We use the older numbers as these were applicable at the time this case was heard by the AHC.

rate that are the result of circumstances not related to normal wear and tear *and* upgrading of existing systems. Appellant's strained reading of the above section is not correct.

■ The primary rule of statutory construction is to ascertain the lawmaker's intent from the language used and, if possible, to give effect to that intent. *May Dept. Stores Co. v. Director of Revenue*, 791 S.W.2d 388, 389 (Mo. banc 1990). Words are to be considered in light of their plain and ordinary meaning. *Id.* Clear and unambiguous language leaves no room for construction. *Id.* The provision in question is viewed in the light of the entire regulation, to be harmonized, if possible, with that regulation. *Lindsay v. Hopkins*, 788 S.W.2d 776 (Mo.App.1990).

The provision we are examining gives examples of extraordinary circumstances. This list is not exclusive, merely exemplary. An extraordinary circumstance is defined as, "beyond or out of the common order or rule; not of usual, customary, or regular kind." *Monroe County Nursing Home District v. Missouri Dep't of Social Services*, 778 S.W.2d 721, 723 (Mo.App. 1989); *See also Department of Social Services v. Our Lady of Mercy Home*, 803 S.W.2d 72, 76 (Mo.App. W.D.1990).

The provision in question here, however, expressly excludes "upgrading of existing systems" when examined for its plain and ordinary meaning. This reading also comports with the definition found in *Monroe County* and *Our Lady of Mercy* as this definition contemplates more than normal wear and tear, the clause linked to "upgrading of existing systems."

The AHC found that appellant's improvements to the system "were for the purpose of upgrading an existing system but were not related to normal wear and tear." The AHC's finding is amply supported by the record which shows that the old hot water system was left intact and new pipes were added to it. Appellant's mischaracterization of this hybrid as a new system is refuted by the record. The original system was left intact; it was not bypassed but became a part of the new system which

was improved in terms of capacity and ability.

It is also worthy of note that appellant leases the facility in question. The system was never reported as being depreciable. Indeed appellant, in its initial request for a Medicaid rate, did not report any depreciable items. The system was never a capital depreciable item to this provider. Appellant's Point I is denied.

■ Appellant's Points II and III will be considered together as they are necessarily interrelated. Appellant challenges the AHC's finding that "the improvements made to petitioner's hot water system were for the purposes of upgrading an existing system." As this fact forms the basis of the denial of a Medicaid increase based upon extraordinary circumstances, which appellant also challenges, the question of whether this fact is supportable on the record becomes key.

■ As we discussed earlier the AHC expressly found that the improvements to the existing system constituted an upgrading of that system. The evidence in the record supports such a conclusion. Even if there is evidence in the record which would support appellant's position that the system was a brand new complete system, we are bound to support the position of the AHC. Where evidence would warrant either of two opposing conclusions, this court is bound by the agency's findings. *Citizens for Rural Preservation, Inc. v. Robinett*, 648 S.W.2d 117, 124 (Mo.App.1982). The record shows that the new system was added to the old system. Although adequate when built in 1962, the old system lacked the necessary capacity to match the expansion of the facility and the use of new techniques, such as whirlpool baths. Tanks existing at the time of the upgrade were used in the redesigned system for the kitchen and laundry facilities. The upgrade added capacity and recirculating lines to the older system. In short, the evidence was sufficient to support the finding of the AHC. Because appellant's argument as to the finding of fact fails, it follows that its argument that the installa-

tion was an "extraordinary circumstance" also fails since the regulations expressly make "upgrading of existing systems" an exception to the conditions delineated as extraordinary circumstances. 13 CSR 40–18.081(4)(A). Appellant's Points II and III are denied.

The judgment of the circuit court affirming the judgment of the AHC is affirmed.

All concur.