**STATE ex rel., David STROFF, Relator,**

v.

**Hon. R. Kenneth ELLIOTT,
Respondent.**

**No. WD 44332.**

Missouri Court of Appeals,
Western District.

May 7, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 27, 1991.

Application to Transfer Denied
July 23, 1991.

Robert G. Duncan, Kansas City, for relator.

Gary K. Patton, Liberty, guardian ad litem.

Max Von Erdmannsdorff, Kansas City, for respondent.

Before BERREY, P.J., and GAITAN and FENNER, JJ.

## ORIGINAL PROCEEDING IN MANDAMUS

BERREY, Presiding Judge.

Relator, David Stroff, seeks a Writ of Mandamus compelling the Hon. R. Kenneth Elliott, to transfer his cause to a different division of the Clay County Circuit Court pursuant to § 210.152.3, RSMo 1986. The preliminary order is made permanent.

Stroff, a person aggrieved by a decision of the Division of Family Services, requested a review of that decision by the circuit court as was his right under § 210.152.3, RSMo 1986. The case was assigned to the Hon. R. Kenneth Elliott and a trial on the matter took place. Witnesses were called by both sides and exhibits were admitted into evidence. Judge Elliott affirmed the

decision of the DFS, issuing findings of fact and conclusions of law.

Relator filed an application for a trial de novo seeking a transfer of the cause to a different division of the circuit court pursuant to § 210.152.3, RSMo 1986. The cause was not transferred and despite various motions being filed by relator to effect its transfer, the cause remained in Judge Elliott's division.

On January 15, 1991, relator filed his petition for mandamus with this court. We granted a preliminary order which we now make absolute.

The provision that we are asked to review, § 210.152.3, RSMo 1986, provides that:

> 3. Any person named as a suspected perpetrator who is aggrieved by any decision of the division as provided in this section may seek judicial review in the circuit court in the county in which the alleged perpetrator resides.... Such request for review shall be made within thirty days of notification of the division's decision under this section.... If the alleged perpetrator is aggrieved by the decision of the circuit court he may seek de novo review in another division of the circuit court but no further appeal shall be available.

█ The primary rule of statutory construction is to ascertain the lawmaker's intent from the language used and, if possible, to give effect to that intent. *May Dept. Stores Co. v. Director of Revenue*, 791 S.W.2d 388, 389 (Mo. banc 1990). Words are to be considered in light of their plain and ordinary language. *Id.* Clear and unambiguous language leaves no room for construction. *Id.*

█ The statute provides that the only available appeal from the review of the circuit court's determination is review by another division of that circuit. In reviewing this provision the Eastern District noted:

> Article V, Sec. 18, Mo. Const. provides that decisions and findings of an administrative body shall be subject to direct review by the courts "as provided by

law." The General Assembly has the right to determine the judicial review to be afforded and the court to provide such review. *Gaslight Real Estate Corporation v. Labor and Industrial Relations Commission*, 604 S.W.2d 818 (Mo.App. 1980) [1, 2]; *Tuffli v. Board of Education of the Wentzville R-4 School District*, 603 S.W.2d 77 (Mo.App.1980) [1, 2]. It has made that determination in Sec. 210.152.3 and has terminated the review process at the circuit court level.

*Strathmann v. Missouri Department of Social Services, Division of Family Services*, 756 S.W.2d 651 (Mo.App.1988). Later cases make it clear that the remedy provided in § 210.152.3, RSMo 1986 is, "the exclusive procedure for obtaining judicial review of decisions of the Division...." *Smith v. Reagan*, 804 S.W.2d 20, 21 (Mo. banc 1991).

The statute clearly and unambiguously allows relator to seek review of Judge Elliott's decision. Respondent's position, that since a trial was given relator a de novo review was had, is untenable in light of wording of the statute. The statute does not mandate what form the review should take, so it is irrelevant as to what proceedings were accorded relator.

It is also untenable to suggest that language used in the statute providing an alleged perpetrator "may seek" review allows a judge the discretion to refuse transfer of the case to another division. It is unrealistic to believe that the legislature intended that the circuit judge performing the initial review pass upon the question of whether a further review shall be permitted.

By the plain and ordinary meaning of the statute, relator is allowed to seek de novo review of Judge Elliott's decision. The preliminary order in mandamus is made absolute.

All concur.