SPELMAN/ST. LUKE'S HOSPITAL,
CORP., Appellant,

v.

PLATTE COUNTY BOARD OF
EQUALIZATION, et al.,
Respondents.

No. WD 43160.

Missouri Court of Appeals,
Western District.

June 25, 1991.

Jerome E. Brant, Nancy Norton, Liberty,
for appellant.

Victor B. Peters, Pros. Atty., Platte City,
for respondents.

Before BERREY, P.J., and TURNAGE
and ULRICH, JJ.

BERREY, Judge.

Appeal from a judgment of the circuit
court affirming the decisions of the Platte
County Assessor and the Platte County
Board of Equalization not to exclude cer-
tain real property of appellant, Spelman/St.
Luke's Hospital Corporation (Spelman/St.
Luke's Hospital), from the 1989 tax rolls.
Appellant claims that the court erred as the
property in question has been dedicated to
those activities associated with a charitable
hospital facility and, as such, is exempt
from taxation under Mo. Const. art. X, § 6
and § 137.100, RSMo 1986. Reversed.

On September 20, 1985, an application
for a certificate of need was filed with the
Missouri Health Facilities Review Commit-
tee (MHFRC) by A.H.I. Health Services,
Inc. (A.H.I.). The application stated that
the ownership of the proposed hospital
would be a for profit corporation. It also
mentioned that "[t]he hospital will be
among the top ten property tax payors in
Platte County." The MHFRC issued a Cer-
tificate of Need in the name of A.H.I. in
1986. A.H.I. kept the certificate of need
until the hospital was completed and li-
censed in February, 1989.

Subsequently, however, appellant, Spel-
man/St. Luke's, acquired the hospital prop-
erty from Spelman Development Corp., a
wholly owned subsidiary of Spelman Me-
morial Hospital, by warranty deed dated
January 19, 1988, recorded February 26,
1988. Spelman Memorial Hospital had ac-
quired all of the corporate stock of A.H.I.
in 1986 after the issuance of the certificate
of need. Appellant is a not-for-profit cor-
poration "used exclusively to relieve an
indefinite number of persons' bodies from
disease or suffering and [is] generally
available for the provision of medical and
hospital care, and said hospital is open and
available to both rich and poor."

In early 1989, appellant received letter
from the Platte County Assessor's office

notifying them that the property in question was not exempt from the tax rolls for 1989. The Board of Equalization upheld this decision. The cause was then submitted to the trial court and tried by stipulation. On December 27, 1989, the trial court entered its judgment in favor of respondents. An amended judgment was entered on March 9, 1990. From this judgment Spelman/St. Luke's takes this appeal.

The appellant, in its sole point, claims that the court below erred in upholding the decisions of the Platte County Assessor and the Platte County Board of Equalization in not exempting appellant from the 1989 tax rolls because appellant's property comes within the definition of property exempt from taxation as a not-for-profit, charitable hospital facility. The issue can be framed thus: Was the tract of land that forms the subject of this appeal subject to Platte County Real Property taxes for the year 1989?

Section 137.080, RSMo 1986, provides that the first day of January is the date used in assessing and taxing real estate. It is this date, then, that must be used as the starting point of our inquiry. For the tax year 1989 the property in question was owned by Spelman/St. Luke's. The statute exempting charitable property does not speak in terms of ownership, however, it speaks in terms of use. The appropriate provision of § 137.100, RSMo 1986 provides:

The following subjects are exempt from taxation for state, county or local purposes:

. . . . .

(5) All property, real and personal, *actually and regularly used exclusively* for religious worship, for schools and colleges, or for purposes purely charitable and not held for private or corporate profit, except that the exemption herein granted does not include real property not actually used or occupied for the purpose of the organization but held or used as investment even though the income or rentals received therefrom is used wholly for religious, educational or charitable purposes; (Emphasis added.)

The hospital was in the final stages of completion. The construction of the hospital was completed on January 1, 1989. The appellant was then in the process of staffing the hospital with physicians, nurses, technicians, dieticians and other support personnel, all needed to operate the hospital. Some employees were at work on January 1, 1989, in preparation of admitting patients and administering to patients.

■ Respondents have stipulated that: (1) as of January 1, 1989, Spelman/St. Luke's was a Missouri not-for-profit corporation and was and is the owner of the hospital; (2) the hospital on January 1, 1989, was owned and operated by petitioner; (3) the hospital is "actually and regularly used exclusively to relieve an indefinite number of persons bodies from disease or suffering and [is] generally available for the purpose of medical and hospital care and said hospital is open and available to both rich and poor"; and (4) petitioner dispenses medical care and treatment to all who need or apply for it, and no patient who has come to the hospital has been denied treatment or refused admission because of a inability to pay for medical care or treatment. Notwithstanding the stipulation by the parties, the respondent claims that because the hospital was in the final weeks of completion it was not in "use" on January 1, 1989.

In *Franciscan Tertiary Province, Inc. v. State Tax Commission*, 566 S.W.2d 213 (Mo. banc 1978), the Supreme Court established three criteria to be considered in determining the tax exempt status of charitable property pursuant to Mo. Const. art. X, § 6 and § 137.100, RSMo 1985. The court held: (1) the property must be dedicated unconditionally to charitable activity; (2) the property must be owned and operated on a not-for-profit basis; and (3) the dominate use of the property must be for the benefit of an indefinite number of people and there must be direct or indirect benefit to society. A review of the stipulation clearly demonstrates the hospital in question meets the three-prong-test of Franciscans.

Respondent maintains that to qualify for tax exempt status the institution must be fully operational on January 1. That tax exempt property would be subject to tax if it were not actively used as tax exempt property on the first day of the calendar year.

The hospital had all of the indicia of a not-for-profit tax exempt institution on January 1, 1989. It was operating preparatory to the admission of its first patient. It was being used for the purpose intended.

 The primary rule of statutory construction is to ascertain the law makers' intent from the language used and if possible to give effect to that intent. *May Dept. Stores Co. v. Director of Revenue*, 791 S.W.2d 388, 389 (Mo. banc 1990). Words are to be given their plain meaning. *Id.* Reversed and remanded with directions to the circuit court to exclude appellant's property from the 1989 tax rolls.

All concur.