Richard C. Rice, Director Missouri Department of Public Safety Post Office Box 749 Jefferson City, Missouri 65102
Dear Director Rice:
This opinion is in response to your questions asking:
 May enforcement action (issuing a citation or warning) to ensure compliance with the provisions of Section 307.178, RSMo, be taken by police officers, based solely on visual observation of noncompliance; the visual observation of such violation occurring, for example, while the officer and the violator(s) are mobile in separate vehicles being operated upon the public highway? The enforcement action taken and visual observation of noncompliance in this scenario would not result from the suspect's being stopped for violation of any other statute or ordinance.
 Would the same enforcement action be appropriate when an officer observes a driver or front seat passenger not in compliance with the provisions of Section 307.178, RSMo, upon their approach to a roadblock/checkpoint established for a law enforcement purpose other than to check for safety belt compliance?
The resolution of both questions depends on the interpretation of certain provisions of Section 307.178, RSMo Supp. 1991. Section 307.178 provides in pertinent part as follows:
 307.178. Seat belts required for passenger cars — passenger cars defined — exceptions — failure to comply, effect on evidence and damages — penalty. —
 1. As used in this section, the term "passenger car" means every motor vehicle designed for carrying ten persons or less and used for the transportation of persons; except that, the term "passenger car" shall not include motorcycles, motorized bicycles, motor tricycles and trucks.
 2. Each driver, except persons employed by the United States Postal Service while performing duties for that federal agency which require the operator to service postal boxes from their vehicles, or which require frequent entry into and exit from their vehicles, and front seat passenger of a passenger car manufactured after January 1, 1968, operated on a street or highway in this state, shall wear a properly adjusted and fastened safety belt that meets federal National Highway, Transportation and Safety Act requirements; except that, a child less than four years of age shall be protected as required in section 210.104, RSMo. Each driver of a motor vehicle transporting a child four years of age or more, but less than sixteen years of age, in the front seat of the motor vehicle shall secure the child in a properly adjusted and fastened safety belt. No person shall be stopped, inspected, or detained solely to determine compliance with this subsection. The provisions of this section shall not be applicable to persons who have a medical reason for failing to have a seat belt fastened about his or her body.
* * *
 4. Each person who violates the provisions of subsection 2 of this section after July 1, 1987, shall be guilty of an infraction for which a fine not to exceed ten dollars may be imposed. All other provisions of law and court rules to the contrary notwithstanding, no court costs shall be imposed on any person due to a violation of this section. In no case shall points be assessed against any person, pursuant to section 302.302, RSMo, for a violation of this section. [Emphasis added.]
* * *
The primary rule of statutory construction is to ascertain the intent of the legislature, considering the words in their plain and ordinary meaning. Union Electric Company v. Directorof Revenue, 799 S.W.2d 78, 79 (Mo. banc 1990). May DepartmentStores Company v. Director of Revenue, 791 S.W.2d 388, 389 (Mo. banc 1990). Where the language of the statute is clear and unambiguous, there is no room for statutory construction. MayDepartment Stores Company v. Director of Revenue, supra.
Your first question presumes that an officer can determine noncompliance with Section 307.178 merely by visual observation of a motorist while the officer and motorist are in separate vehicles upon a public highway. That presumption is erroneous.
Section 307.178.2 provides that "[t]he provisions of this section shall not be applicable to persons who have a medical reason for failing to have a seat belt fastened about his or her body." An officer could not determine whether a motorist had a medical reason for failing to have a seat belt fastened about his or her body by mere visual observation without stopping, inspecting or detaining the motorist. Thus, the officer could not determine compliance with the statute without stopping, inspecting or detaining that motorist. Such action would be contrary to the plain language of the statute.
Additionally, certain provisions of Section 307.178 do not apply to any motorist operating a vehicle manufactured prior to January 1, 1968. In certain situations — when a motorist is driving a car manufactured in late 1967 — an officer might reasonably believe through visual observation that a motorist is not wearing a seat belt. However, in order to determine compliance with this statute, the officer would be required to stop, inspect or detain the motorist in order to ascertain the date the vehicle was manufactured. Under the plain language of the statute, such action is not permitted.
Thus, an officer cannot determine noncompliance with this statute by visual observation while the officer and motorist are in separate vehicles upon a public highway. He can possibly determine that a motorist is not wearing a seat belt but would need to stop, inspect or detain the motorist to determine compliance with Section 307.178. Any action taken by an officer to stop, inspect or detain a motorist solely to determine compliance with Section 307.178 would be contrary to the express terms of the statute. Therefore, in answer to your first question, we conclude an officer may not stop, inspect or detain a motorist solely to determine compliance with Section 307.178.2 even if the officer visually observes the motorist appears to not be wearing a seat belt.
Your second question concerns enforcement of Section307.178 when a motorist approaches a roadblock/checkpoint established for a law enforcement purpose other than to check for seat belt compliance. The resolution of your second question depends again on interpretation of Section 307.178. If a motorist has been stopped, inspected or detained at a roadblock/checkpoint established for a law enforcement purposeother than to check for seat belt compliance, he has not been "stopped, inspected, or detained solely to determine compliance" with Section 307.178. Accordingly, if an officer, who has stopped a motorist for a reason other than to determine compliance with Section 307.178, observes sufficient information to determine that he has probable cause to believe that a violation of Section 307.178 has occurred, it would be permissible for that officer to issue a citation or warning to the motorist.
If the Missouri General Assembly had intended to make a specific exception involving roadblock/checkpoints as applied to Section 307.178, it could have so stated. See e.g. Section302.510.4, RSMo 1986: "No arrest for alcohol related offenses shall be the basis for suspension or revocation of a driver's license under this section where the arrest was made at a checkpoint or roadblock and there was not probable cause to make the arrest prior to the stopping of the vehicle" (repealed by Conference Committee Substitute for House Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bills Nos. 125 and 341, 86th General Assembly, First Regular Session (1991)).
CONCLUSION
It is the opinion of this office that (1) an officer may not stop, inspect or detain a motorist solely to determine compliance with Section 307.178.2, RSMo Supp. 1991, even if the officer visually observes the motorist appears to not be wearing a seat belt, and (2) if a motorist has been stopped, inspected or detained as a result of a roadblock/checkpoint established for a law enforcement purpose other than to check for seat belt compliance, an officer is empowered to issue a warning or citation if he has probable cause to believe that a motorist is in violation of Section 307.178.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General