Rodrique FRANCOIS, Respondent,

v.

STATE BOARD OF REGISTRATION
FOR THE HEALING ARTS,
Appellant.

No. 64706.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 5, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 4, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., Donna Ann Coleman, Asst. Atty. Gen., Jefferson City, for appellant.

Dennis Buchheit, Julius H. Berg, P.C., St. Louis, for respondent.

SMITH, Judge.

State Board of Registration for the Healing Arts (Board), appeals from the decision of the Circuit Court for the City of St. Louis reversing the decision of the Administrative Hearing Commission (AHC) denying Dr. Francois his request for reinstatement of his license to practice as a physician and surgeon in the state of Missouri.

On March 24, 1988, Dr. Francois pleaded guilty to one of fourteen counts of willfully and knowingly causing to be made a false statement in an application for benefits and payment from Medicare in violation of 42 U.S.C. 1395nn(a)(1).[1] On April 13, 1988, Dr.

Francois voluntarily surrendered his license to practice as a physician in the state of Missouri. On August 1, 1988, the Board issued an order revoking his license pursuant to § 334.103 RSMo 1986. The Board determined Dr. Francois would be ineligible for reinstatement for at least two years.

On August 14, 1990, Dr. Francois filed an application for reinstatement of his license. The Board denied his request for reinstatement. Dr. Francois filed a complaint seeking review of his application by the AHC. The AHC convened a hearing on the complaint.

Subsequently, the AHC issued its findings of fact and conclusions of law. The AHC independently determined Dr. Francois failed to meet all licensure requirements. Specifically, the AHC concluded the applicant had not presented satisfactory evidence of "good moral character" as required by § 334.031 RSMo 1986, that applicant had failed to satisfy the examination requirements of 4 CSR 150–2.150(1)(B), and that applicant should be disqualified from licensure pursuant to §§ 334.100.2(2), 334.100.-2(4)(a), and 334.100.2(14) RSMo Supp.1993.

Dr. Francois appealed the decision of the AHC to the Circuit Court of the City of St. Louis. The Circuit Court issued a Memorandum Order reversing the decision of the AHC and remanding the case back to the Board for further proceedings in accordance with the Order. The Board then filed the present appeal. The Board claims the Circuit Court erred in failing to sustain the decision of the AHC. The Board argues the AHC correctly determined applicant had failed to meet all the prerequisites for reinstatement and the Board was within its discretion to deny the application. Dr. Francois contends the Circuit Court correctly reversed the AHC because its determination of his character was not supported by substantial evidence, was arbitrary, capricious, and unreasonable, and an abuse of discretion. Finding sufficient basis in fact and law to support the AHC's determination of the case, we reverse.

Initially, we note our review is of the decision of the AHC, not the Circuit Court. *Am-*

---

1. *U.S. v. Francois*, No. S1–86–292CR(4) (E.D.Mo. March 24, 1988).

*ericare Systems, Inc. v. Missouri Dept. of Social Services,* 808 S.W.2d 417 (Mo.App. 1991) [1]. Our scope of review of the AHC's findings of fact is circumscribed by § 536.140 RSMo 1986. Dr. Francois challenges the AHC decision on the basis that it was not supported by competent and substantial evidence, it was arbitrary, capricious and unreasonable, and was an abuse of discretion. §§ 536.140.2(3), 536.140.2(6), and 536.140.2(7) RSMo 1986. Dr. Francois bore the burden of proof that he was entitled to licensure. § 621.120 RSMo 1986.

■ "Substantial evidence is evidence which, if believed, would have a probative force upon the issues." *Tadrus v. Missouri Bd. of Pharmacy,* 849 S.W.2d 222 (Mo.App. 1993) [6–8]. We must review the record in the light most favorable to the AHC's decision and disregard evidence that might support different findings of fact. *Clark v. Reeves,* 854 S.W.2d 28 (Mo.App.1993) [6–9].

■ The AHC found Dr. Francois did not establish that he was of "good moral character". It based that decision on the fact that Dr. Francois failed to show he understood the wrongness of his acts or had embraced a "new moral code". The AHC relied in part on statements made by Dr. Francois in correspondence with the Board which indicated to the AHC that Dr. Francois believed he was the one who was wronged. Applicant stated in that correspondence that he was, "trying to endure the shame and humiliation that all of these circumstance have caused me in front of my peers, family and friends" and "[t]he requirements of society and of justice have been sufficiently, if not amply, met by the harsh punishments and consequences which I have experienced." These statements coupled with the absence of evidence of good moral character or evidence that Dr. Francois understands the wrongfulness of his acts or has adopted a new moral code caused the AHC to conclude that Dr. Francois had not carried his burden of proof to show that he is of good moral character. We find no error with that conclusion.

Dr. Francois has performed numerous good deeds since his release from confinement. Being charitable, however, is not the same as being of "good moral character."

Here the evidence supports the AHC determination that Dr. Francois has not recognized the wrongfulness of his conduct but only the inadvisability of being caught. While a guilty plea may be some indication of acceptance of wrongful conduct, it may also be a recognition that a conviction is inevitable and a plea bargain advisable. Relinquishment of his license also does not necessarily reflect acknowledgement of wrong doing but simply an acceptance of the inevitable. Sec. 334.103, RSMo 1986. These acts alone do not establish "good moral character." The conduct for which Dr. Francois pleaded guilty is the very conduct which is particularly wrongful and dishonest for a doctor and which should preclude licensure. Dr. Francois' wrongful conduct led to his guilty plea and conviction of a felony. Dr. Francois has not carried his burden of showing that the underlying moral turpitude which caused the wrongful conduct has changed. We find no error in the AHC decision. It is unnecessary for us to address the additional points raised by the parties.

Judgment reversed and cause remanded with instructions to reinstate the decision of the Administrative Hearing Commission.

SIMON, P.J., and PUDLOWSKI, J., concur.