Alice **TAYLOR**, Appellant,

v.

**DIVISION OF FAMILY SERVICES, DEPARTMENT OF SOCIAL SERVICES**, Respondent.

No. WD 49510.

Missouri Court of Appeals, Western District.

April 25, 1995.

Edward M. Berg, Columbia, for appellant.

Karen Massey, Roya Hough, Mo. Dept. of Social Services, Div. of Legal Services, Jefferson City, for respondent.

Before SPINDEN, P.J., and ULRICH and SMART, JJ.

SPINDEN, Presiding Judge.

Alice Taylor complains in this appeal that the Division of Family Services of the Department of Social Services wrongfully denied her a right to appeal the division's denial of general welfare benefits for October and November, 1991. The division refused to consider the appeal on the ground that Taylor filed it after the 90–day statutory deadline. The trial court affirmed the division's actions. We reverse.

Taylor applied on November 6, 1991, for general welfare relief and food stamps and asked the division to "back-date" the benefits to October 1991. Taylor was unable to work because of injuries suffered in a self-inflicted gunshot. On April 22, 1992, the division granted her application, but the division did not begin the benefits until December 1, 1991. Division personnel apparently had decided that she was not eligible for benefits for October and November because she had too much income during those months.[1] The notice sent to her said nothing about her right to appeal denial of benefits.

On August 31, 1992, the division decided to terminate Taylor's general relief benefits. The form the division sent to her said, "The reason for this decision is that you have been determined to no longer be medically eligible to continue receiving [general relief] by the Medical Review Team[.] 13CSR40–2.060[.]" The notice further informed her that "if you feel that this decision is not correct or if you have additional information that you feel will prove your need to continue to receive your present amount of assistance, you have until Thursday, September, 10, 1992, to request a hearing[.]" At the bottom of the form was this notice: "If you want a fair hearing, fill

---

1. Because the division director, Carmen K. Schulze, decided that she did not have jurisdiction to consider Taylor's appeal, she did not consider the merits of Taylor's claims or make a record concerning them. Although Schulze did not find that Taylor's income was the basis for the division's denial of benefits for the two months, the division concedes in this appeal that this was the case.

out this form below, tear it off, and mail it to: Callaway Co. Family Service[.]" [2]

Taylor requested a hearing before the division director. A hearing officer convened a hearing on October 22, 1992. The division's denial of benefits for October and November, 1991, was discussed at the hearing. After the hearing, Carmen K. Schulze, division director, issued findings of fact and conclusions of law in which she concluded that because Taylor had appealed 141 days after the division's approval of benefits on April 22, 1992, the appeal was beyond the 90-day deadline set by § 208.080.5, RSMo 1986. She also decided that because the division approved Taylor's request for benefits, her appeal was not cognizable under § 208.080.7 which authorized hearings only for an "adverse action."

In this appeal, Taylor complains that the division did not notify her of her right to appeal the denial of benefits for October and November 1991 as required by § 208.080 and 13 CSR 40–2.160. We review Schulze's decision, not the trial court's judgment affirming that decision. *Americare Systems, Inc. v. Missouri Department of Social Services,* 808 S.W.2d 417, 419 (Mo.App.1991). We reverse Schulze's decision.

■ Contrary to Schulze's conclusion, the division's decision of April 22, 1992, was an adverse action. Although it granted Taylor benefits, it granted only part of her application. Taylor had requested that she be given benefits for October and November. The division decided that Taylor's income for those months made her ineligible for benefits. While it granted her application effective December 1, 1991, it denied her application for benefits for the previous two months.

Section 208.080.1(2) says:

Any applicant for or recipient of benefits or services provided by law by the division of family services may appeal to the director of the division of family services from a decision of a county office of the division of family services in any of the following cases:

. . . .

(2) If his application is disallowed in whole or *in part* [.] [3]

Because the division denied part of her application, Taylor had a right to appeal under § 208.080.1.

The division did not inform Taylor of her right to appeal. Section 208.080.5 mandates notice of an applicant's right to appeal an adverse action:

In the case of a rejection of an application for benefits or services, the aggrieved applicant shall have ninety days from the date of the notice of the action in which to request an appeal to the director of the division of family services. In the rejection notice the applicant for benefits or services shall be notified of all of his rights of appeal under this section.

The division's own regulation requires it to notify an applicant of her right to appeal an adverse action: "If [a] . . . General Relief . . . application . . . is denied in . . . part, . . . the applicant . . . shall be notified in writing by the county family services office of his/her right to appeal to the director of the Division of Family Services[.]" 13 CSR 40–2.160(1). The division endeavors to follow these mandates as evidenced by the information concerning appeal rights set out in its notice of August 31, 1992.

■ This notice was mandatory. The division's failure to follow the mandate violated Taylor's due process rights guaranteed by Mo. CONST. art. I, § 10 (1945). "Art. I, § 10 . . . guarantees . . . that a claimant is entitled to whatever process is . . . permitted under the laws extant at the time of claim." *Findley v. City of Kansas City,* 782 S.W.2d 393, 398 (Mo. banc 1990). Hence, we remand the case to the trial court so it can enter an order directing the division director to reconvene a hearing and to consider Taylor's claim.

**2.** Taylor attached a copy of this form, entitled Adverse Action Notice, as an appendix to her brief. Although this form was not in the record on appeal, the division does not contest its validity. We note it only as an example of the division's method of notice and do not rely on it to resolve any substantive issues.

**3.** We added the emphasis.

In response to Taylor's appeal, the division does not contend that Schulze's decision was correct, but argues that Taylor was not prejudiced because she was not eligible for benefits during October and November anyway. We do not have any way of determining this. Schulze, in her findings of fact and conclusions of law, found only three facts:

1. [Taylor] applied for General Relief benefits on November 6, 1991.

2. [Taylor] was approved for General Relief benefits on April 22, 1992. Her benefits began as of December 1991.

3. [Taylor] was not approved for the month of November, 1991.

Schulze made no findings at all concerning Taylor's income. Although Schulze found that the division denied the application for November, she did not explain why or make a conclusion of law that the benefits were denied on a lawful basis. The division has no basis at all for contending that the issue is moot; no one authorized to find facts has determined whether Taylor's income exceeded lawful limits.

Taylor also complains that the division did not inform her, as it is obligated to do under the law, of all of the benefits for which she was possibly eligible. Again, without an adequate record, we cannot review such a contention. This will have to be a matter raised at the rehearing.

We reverse the judgment of the trial court affirming the decision of Schulze. We remand with instructions that the trial court order Schulze to reconvene a hearing to consider the issues surrounding the division's denial of benefits to Taylor in October and November, 1991.

All concur.