**Darrell CLASPILL, Appellant,**

v.

**STATE of Missouri, DIVISION OF ECONOMIC DEVELOPMENT, Respondent.**

**No. WD 43689.**

Missouri Court of Appeals, Western District.

March 26, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 30, 1991.

Application to Transfer Denied June 11, 1991.

J. Michael Cronan, Kansas City for appellant.

William L. Webster, Atty. Gen., Curtis F. Thompson, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and KENNEDY and GAITAN, JJ.

BERREY, Judge.

Darrell Claspill appeals from the dismissal of his personal injury action on the grounds of sovereign immunity. He presents two points in this appeal: (1) that the trial court erred in dismissing appellant's petition because such action is authorized by § 537.600, RSMo Supp.1989; and (2) that the trial court erred in determining that venue was not properly in Bates County, Missouri.

Darrell Claspill was a railroad engineer employed by Missouri Pacific Railroad. On May 13, 1986, appellant was a member of the train crew on a coal train traveling northbound through Adrian, Missouri. This train collided with a motor vehicle crossing eastbound at an intersection. Appellant filed suit in Bates County against the Missouri Highway and Transportation Commission. Respondent, State of Missouri, Division of Transportation within the Department of Economic Development, was added by amended petition.

Appellant alleged in his petition that his injuries were a direct and proximate result of the condition of public property and by dangerous and defective design of the road through the crossing. He claimed the dangerous condition was caused or contributed to be caused by agents and employees of respondent acting within the scope of their employment. Appellant further alleged that crossing collisions on June 1, 1986, and February 28, 1986, resulted in psychological and emotional injuries cumulative with the May 13, 1986, collision. Appellant claims that respondent was responsible for the total of appellant's injury and damages from the three collisions.

The Bates County Circuit Court transferred this case on venue grounds to the Cole County Circuit Court. The Cole County Court dismissed appellant's action on the grounds of sovereign immunity. From this dismissal Claspill appeals.

■ Appellant first contends that the trial court erred in dismissing appellant's petition because that petition stated a cause of action authorized under § 537.600, RSMo Supp.1989. The trial court dismissed the petition because the land upon which the traffic control devices were located was not owned by the State of Missouri but by other public entities. Appellant contends that it is not necessary that the dangerous condition of land created by a public entity's employees be owned or occupied by the same public entity as that for which the negligent employees are employed. Appellant claims that such land may be occupied by *any* public entity. The exemption appellant relies upon is found in § 537.600.1(2), RSMo Supp.1989:

> Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a

negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

Appellant asserts that because the legislature used the indefinite article "a" in the clause "condition of *a* public entity's property" and the definitive article "the" in the phrase "either a negligent or wrongful act or omission of an employee of *the* public entity," then the public entity whose employees created the negligent condition need not be the same public entity owning the property at the place the injury occurred.

Appellant's position is not tenable. The first and foremost rule in statutory construction is to ascertain legislative intent from the language used within the statute considering words within their plain and ordinary meanings. *May Dept. Stores Co. v. Director of Revenue,* 791 S.W.2d 388 (Mo. banc 1990). This court holds that the legislature did not so broadly expand the waiver of sovereign immunity so as to make all public entities liable for conditions on other public entities' lands over which they have some control. It surely cannot be the intent of the legislature to make the state liable for conditions on property which is not owned by the state. To rule that this is what the legislature intended would be to greatly expand the waiver of sovereign immunity. Statutory provisions which purport to waive sovereign immunity are strictly construed. *Bartley v. Special School Dist.,* 649 S.W.2d 864, 868 (Mo. banc 1983).

The dictionary definitions of "a" and "the" are instructive. "A" is defined as being "used as a function word before most singular nouns other than proper and mass nouns when the individual in question is undetermined, unidentified, or unspecified, esp. when the individual is being first mentioned or called to notice...." *Webster's Third New International Dictio-*

*nary* 1 (1971). "The" is defined as being "used as a function word to indicate that a following noun or noun equivalent refers to someone or something previously mentioned or clearly understood from the context of the situation...." *Webster's Third New International Dictionary* 2368 (1971). These definitions make it clear that the legislature was grammatically correct in its use of "a" and "the" and that the public entity mentioned in the statute remains the same public entity throughout. Therefore it follows that respondent cannot be sued under § 537.600 because it was not the public entity that owned the property that is the subject of appellant's allegations.

Appellant's claim that *Donahue v. City of St. Louis,* 758 S.W.2d 50 (Mo. banc 1988), changes such a result is without merit. *Donahue* merely dealt with whether a broken down stop sign constituted a dangerous condition under § 537.600. *Id.* at 51. Appellant's attempts to read *Donahue* more broadly are unpersuasive. Appellant's Point I is denied.

■ Appellant next complains that the circuit court of Bates County erred in transferring the case to Cole County. The Division of Transportation of the Department of Economic Development is resident in Cole County. Mo. Const. art. IV, § 20. Under the reasoning found in *State ex rel. Missouri Highway and Transportation Commission v. Patterson,* 731 S.W.2d 461 (Mo.App.1987), we find appellant's argument to be unconvincing. Appellant's Point II is denied.

The judgment of the trial court is affirmed.

All concur.