David Allen ROBBINS, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 49475.

Missouri Court of Appeals, Western District.

March 7, 1995.

Before SPINDEN, P.J., and ULRICH and SMART, JJ.

ULRICH, Judge.

In this driver's license case, the circuit court ordered the Director of Revenue to credit David Allen Robbins with 171 days for his administrative suspension against his later revocation for accumulating excessive points. The Director now appeals. At issue is whether § 302.525.4, RSMo 1994 [1], allows credit for the period of the administrative suspension plus any intervening time before official reinstatement. This court determines the issue in the negative. The judgment is reversed, and the cause is remanded with directions.

### Factual Background

Both Mr. Robbins' administrative suspension and his point revocation arose from his arrest for driving while intoxicated on April 9, 1993. Because breath testing placed his blood-alcohol content above .10%, Mr. Robbins received a thirty-day administrative suspension that began on May 16, 1993. Mr. Robbins' driving privileges were not officially reinstated until November 5, 1993, the date on which he fulfilled the statutory reinstatement requirements.

Appearing in court on his DWI charge, Mr. Robbins pleaded guilty on October 6, 1993. That conviction resulted in an assessment of twelve points to Mr. Robbins' license. His license was revoked for one year effective December 21, 1993, for excessive point accumulation. The year-long revocation was reduced to 335 days by a thirty-day credit for his previous administrative suspension that arose from the same arrest.

Mr. Robbins filed a petition for review in the circuit court claiming entitlement to a credit for the period of the administrative suspension until the reinstatement of his driving privileges, May 16 to November 5. He insisted that the credit should allow time for the thirty-day suspension plus the time

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney P. Massman, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Hurley D. Mahan, Cason, Edgett & Mahan, Clinton, for respondent.

---

1. All statutory references are to RSMo 1994.

required for reinstatement. The circuit court found for Mr. Robbins, and ordered the Director to credit him with 171 days for his administrative suspension against his point revocation.

### Statutory Background

Examination of applicable statutes elucidates the facts of this case and the issue on appeal:

Sections 302.500 to 302.540 contain the administrative procedure for suspending and revoking a driver's license. Section 302.505.1 requires the Department of Revenue to suspend or revoke the license of any person arrested on probable cause for driving with a blood-alcohol concentration of .10% or more. Section 302.500 defines "suspension" and "revocation":

> **"Suspension"**, the temporary withdrawal by formal action of the department of a person's license. The suspension shall be for a period specifically designated by the department pursuant to the provisions of sections 302.500 to 302.540. Section 302.500(7).

> **"Revocation"**, the termination by formal action of the department of a person's license. A revoked license is not subject to renewal or restoration except that an application for a new license may be presented and acted upon by the department after the expiration of the revocation period[.] Section 302.500(5).

The period of an administrative suspension or revocation depends on whether the driver has had prior alcohol related enforcement contacts within the preceding five years. § 302.525.2(1) and (2). Section 302.525.3 defines "alcohol related enforcement contacts." For a driver having no such prior alcohol related enforcement contacts, *"the period of suspension shall be thirty days after the effective date of suspension"* under § 302.525.2(1). For a driver with a prior alcohol related enforcement contact, *"[t]he period of revocation shall be one year"* under § 302.525.2(2).

Section 302.525.2(1) allows a driver under thirty-day administrative suspension to apply for restricted driving privileges upon completing thirty days of the suspension and by satisfying the reinstatement requirements. To have a license reinstated, the driver must comply with §§ 302.525.2(1), 302.540.1, and 302.541 by filing proof of financial responsibility, by completing an education-rehabilitation program, and by paying reinstatement fees.

Administrative suspension or revocation results from the driver's arrest on alcohol related driving charges. § 302.500 et seq. Nevertheless, if convicted of the alcohol related driving charges, points are assessed, and, the driver can be suspended or revoked again under the point system. Section 302.302.1 authorizes assessment of six to twelve points for alcohol related driving convictions. Section 302.304.6 requires the Director of Revenue to revoke for one year the license of a driver who has accumulated twelve points in twelve months.

Section 302.525.4 allows credit when a driver receives both an administrative suspension or revocation and a point suspension or revocation that arose from the same occurrence. Under the credit provisions, the driver receives credit for the first period of suspension or revocation against the second one so that the total period does not exceed the longer of the two suspension or revocation periods. Central to this appeal, the text of § 302.525.4 follows with key portions italicized:

> Where a license is suspended or revoked under this section and the person is also convicted on charges arising out of the same occurrence for a violation of section 577.010 or 577.012, RSMo, or for a violation of any county or municipal ordinance prohibiting driving while intoxicated or alcohol related traffic offense, both the suspension or revocation under this section and any other suspension or revocation under this chapter shall be imposed, but *the period of suspension or revocation under sections 302.500 to 302.540 shall*

*be credited against any other suspension or revocation imposed under this chapter, and the total period of suspension or revocation shall not exceed the longer of the two suspension or revocation periods.*

### Arguments On Appeal

The Director contends that § 302.525.4 must be strictly construed to limit the credit to thirty days. In support, the Director stresses that statutes in chapter 302 authorize the Department to suspend a license for thirty days but that those statutes require the driver to take the initiative in satisfying the reinstatement requirements. According to the Director, crediting the driver with the additional time to obtain reinstatement would improperly reward the driver for inaction and for untimely compliance with the reinstatement requirements.

Countering, Mr. Robbins urges a broad construction of § 302.525.4 to allow credit for the additional time that he actually served on suspension. He notes that his driver's license was actually suspended from the effective date of the suspension to the date of official reinstatement. For purposes of determining credit under § 302.525.4, Mr. Robbins submits that an administrative suspension continues until compliance with the reinstatement requirements. For that proposition, Mr. Robbins cites *State v. Counts*, 783 S.W.2d 181, 183 (Mo.App.1990), a case involving a conviction for driving while suspended or revoked in violation of § 302.321.

### Opinion

■■■■ Determining how much credit Mr. Robbins should receive for his administrative suspension against his point revocation presents an issue of first impression. Its resolution lies in ascertaining the meaning of *"the period of suspension"* in § 302.525.4. Statutory construction requires determining legislative intent based on the words used and the context in which those words appear. *Wilson v. Director of Revenue*, 873 S.W.2d 328, 329 (Mo.App.1994). Provisions of the same legislative act should be read together and harmonized. *Geary v. Missouri State Employment Retirement Sys.*, 878 S.W.2d 918, 922 (Mo.App.1994). Related words and phrases should be considered when construing a particular portion of a statute. *Id.*

■■ In providing for the credit, § 302.525.4 uses the following language:

*... the period of suspension or revocation under sections 302.500 to 302.540 shall be credited against any other suspension or revocation imposed under this chapter, and the total period of suspension or revocation shall not exceed the longer of the two suspension or revocation periods.*

The phrase, *"the period of suspension,"* is crucial to determining what the legislature intended in providing for the credit. In defining *"suspension"* for the administrative procedure provisions, § 302.500(7) adds that "[t]he *suspension shall be for a period specifically designated by the department pursuant to the provisions of sections 302.500 to 302.540."* Section 302.525.2(1) specifies the duration of an administrative suspension by noting that *"the period of suspension shall be thirty days after the effective date of suspension[.]"* Legislative intent emerges from reading together these related provisions of the same act: For purposes of allowing credit under § 302.525.4, the legislature intended to limit the credit for *"the period of suspension"* to thirty days.

Mr. Robbins argues that the *"period of suspension"* remains in effect until official reinstatement. In allowing the additional credit, the circuit court was persuaded by the argument that a person could not be convicted of driving while suspended under § 302.321 after completing the thirty-day suspension but before receiving official reinstatement. Mr. Robbins' argument must fail. Section 302.321 extends the crime to driving "while such license and privilege is **canceled, suspended or revoked** *and before an official reinstatement notice or termination notice is issued by the director[.]"* In contrast to the credit provisions of § 302.525.4, the driving while suspended provisions of § 302.321 specifically add the peri-

**898**

od before issuance of official reinstatement to the period of suspension.

This court holds that § 302.525.4 limits the credit for an administrative suspension to thirty days. The reinstatement provisions hold the driver responsible for complying with the reinstatement requirements. Consequently, a driver who serves the suspension but delays in fulfilling the reinstatement requirements cannot receive additional credit under § 302.525.4. Nevertheless, a driver who completes the suspension but drives before official reinstatement risks criminal prosecution for driving while suspended under § 302.321.

The Director properly allowed Mr. Robbins thirty days' credit for his administrative suspension in revoking Mr. Robbins' license for 335 days. The total of the combined periods of administrative suspension and point revocation did not exceed the longer revocation period of one year (30 days + 335 days = 365 days). The circuit court erred in ordering the Director to credit Mr. Robbins with 171 days for his administrative suspension against his later point revocation. Accordingly, the judgment is reversed, and the cause is remanded to the circuit court with directions to reinstate the 335-day revocation.

All concur.