**Tabitha J. SUMMITT, by Next Friend Jolli BOYD, Appellant,**

v.

**Emma L. ROBERTS, et al., Defendant,**

**Grain Valley R–5 School District, City of Grain Valley, Respondents.**

**No. WD 50430.**

Missouri Court of Appeals, Western District.

July 25, 1995.

Richard Irwin Buchli, II, Kansas City, for appellant.

Steven F. Coronado, Kansas City, for respondent Grain Valley R–5 School Dist.

Steven Wendell White, Independence, for respondent City of Grain Valley.

Before FENNER, C.J., P.J. and BRECKENRIDGE and SMART, JJ.

FENNER, Chief Judge.

Tabitha J. Summitt appeals from the dismissal of the respondents, Grain Valley R–5 School District ("School District") and the City of Grain Valley ("City"), from the underlying action, an action arising out of an automobile/pedestrian accident that occurred on October 5, 1992. The trial court determined that both the School District and the City were shielded by sovereign immunity,

§ 537.600, RSMo 1993 Supp.[1] In her sole point on appeal, Ms. Summitt contends that the trial court erred when it dismissed the City and the School District from the underlying action because she had established all of the necessary elements of the "dangerous condition exception" to § 537.600. The order of the trial court is affirmed.

■ The trial court's order dismissing the City and the School District will be reviewed as if it were a grant of summary judgment. A motion to dismiss is ordinarily confined to the sufficiency of the pleadings on their face. *Mead v. Conn,* 845 S.W.2d 109, 110 (Mo.App.1993). Where additional matters are presented to the trial court, and not excluded by the trial court, a motion to dismiss for failure to state a claim upon which relief can be granted is treated as a motion for summary judgment. Rule 55.27(a); *Geary v. Missouri State Employees' Retirement Sys.,* 878 S.W.2d 918, 921 (Mo.App.1994). In the instant case, evidence was introduced by the plaintiff outside of the pleadings, specifically, portions from the deposition of James Burgess, a civil engineer employed by the Missouri Highway and Transportation Department ("MHTC"). Where, as Ms. Summitt did here by introducing evidence contained in the Burgess deposition, a plaintiff introduces evidence beyond the pleadings, that plaintiff is charged with the knowledge that a motion to dismiss is converted to a motion for summary judgment. *Id.* "It is axiomatic that when a party introduces evidence beyond the pleadings, a motion to dismiss its complaint is *automatically* converted to a motion for summary judgment." *Hyatt Corp. v. Occidental Fire & Casualty Co.,* 801 S.W.2d 382, 392 (Mo.App.1990). Ms. Summitt was not denied the opportunity to present material pertinent to her claim. *See Hatfield v. McCluney,* 893 S.W.2d 822, 829 (Mo. banc 1995). Indeed, the trial court's orders dismissing the claims against the School District and the City reflect that the information provided by Ms. Summitt was taken into consideration. We review this matter under a summary judgment standard of review.

■ Our review is *de novo;* the record is reviewed in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). A party is entitled to summary judgment as a matter of law where "there is no genuine issue as to any material fact." Rule 74.04(c). In the instant case, there is no genuine issue of material fact remaining. The result would be no different if this review was accomplished pursuant to standards governing review of a motion to dismiss wherein the plaintiff's petition is liberally construed and all facts in that petition are deemed to be true. *State v. Godfrey,* 883 S.W.2d 550, 552 (Mo.App.1994). As a matter of law, it cannot be said that either the School District or the City had property at the site of the accident.

On October 5, 1992, Tabitha J. Summitt, a minor, was struck by a car driven by Emma L. Roberts. At the time of the accident Ms. Summitt was crossing AA Highway in Grain Valley at or near its intersection with Oak Street. She filed suit against Ms. Roberts and against the MHTC. Her petition was later amended to add the City and the School District as additional defendants. In Count I of the petition Ms. Summitt sets forth her claim against Ms. Roberts. Count II sets out the claim against the MHTC, stating, in pertinent part:

3. That at all times herein pertinent, AA Highway, as it passes through Grain Valley, Jackson County, Missouri, is under the control of defendant Commission, and defendant Commission is responsible for adequate signing to remove any known or reasonably foreseeable dangers associated with the use of AA Highway by pedestrians and others.

4. That defendant Commission failed to properly locate signs and cross-walks to allow pedestrians approaching the middle school in Grain Valley, including plaintiff, safe passage across AA Highway.

---

1. All sectional references are to Missouri Revised Statutes, 1993 Supplement, unless otherwise indicated.

5. That the failure of defendant Commission to locate proper signs, including, but not limited to, school crossing signs, flashers, reduce speed limit signs and pedestrian crosswalk areas painted on the pavement created a dangerous condition at the time of plaintiff's injury; that the dangerous condition of defendant Commission's property created a reasonably foreseeable risk of harm of the kind of injury which was incurred by plaintiff, and that defendant Commission knew or should have known of the dangerous condition in sufficient time prior to the injury suffered by plaintiff to have taken measures to protect against said dangerous condition.

Count III detailed the cause of action against the City and the School District, claiming:

3. That defendants City and School District, and each of them, by and through the acts and omissions of their respective agents, servants and employees, operating in the scope and course of their employment, carelessly and negligently created a dangerous condition on property under their control by failing to place and properly locate flashers, signs, crosswalks and/or other devices on and about that area of AA Highway running east and west adjacent to the then new school attended by plaintiff and others and/or failed to provide alternative routes onto and from said school grounds.

Both the City and the School District filed motions to dismiss claiming that the doctrine of sovereign immunity shielded each of them from liability. In her suggestions in opposition, Ms. Summitt relies upon a deposition taken of James Burgess which, she states, demonstrates that the City and the School District were actively involved and exercised control over the property where the injury occurred. The deposition chronicles discussions between the City and the School District, on the one hand and Mr. Burgess at the MHTC, on the other, concerning the need for establishing a safe crossing area and the measures proposed to that end.

The trial court sustained both the motion of the School District and the motion of the City. The trial court found that both entities were protected by sovereign immunity and that said immunity was not waived in that neither entity owned nor was in possession of the property at the crossing area. Pursuant to Rule 74.01, the trial court designated these orders as final for the purpose of appeal. This appeal followed.

■ Resolution of the issues presented by this case hinges on the question of whether the protection afforded the City and the School District under the doctrine of sovereign immunity is absolute or whether that immunity was waived under § 537.600. The statute provides two instances in which sovereign immunity is waived, stating, in pertinent part:

1. Such sovereign or governmental tort immunity as existed at common law ... is hereby expressly waived in the following instances:

(1) Injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles or motorized vehicles within the course of their employment:

(2) Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

Obviously, the first of these instances does not apply because Ms. Summitt was not injured as a result of the negligent operation of a motor vehicle by a public employee. It is the second of these instances, the dangerous condition exception, that Ms. Summitt argues is applicable.

■ Statutory provisions that purport to waive sovereign immunity are to be strictly construed. *Claspill v. State Div. of Econom-*

*ic Dev.,* 809 S.W.2d 87, 89 (Mo.App.1991). To state a claim under the dangerous condition exception a plaintiff must allege facts showing (1) a dangerous condition of the property; (2) that the plaintiff's injuries were a direct result of the dangerous condition; (3) that the dangerous condition created a reasonably foreseeable risk of the type of harm suffered by plaintiff; and (4) that the dangerous condition was negligently created by a public employee or that the public entity had actual or constructive notice of the dangerous condition. *Kanagawa v. State,* 685 S.W.2d 831, 835 (Mo. banc 1985). We do not reach the question of whether Ms. Summitt has established each of the four elements necessary to invoke the dangerous condition exception. Her claim fails on a threshold question. The property on which Ms. Summitt was injured belongs to neither the City nor the School District.

The property in question, AA Highway, is a Missouri State Highway under the control of the MHTC. Ms. Summitt's petition alleges as much. Her conclusory assertion that the property was also jointly possessed by the City and the School District in addition to the MHTC is simply not tenable. Missouri law clearly establishes in § 227.210 that, "The state highways as designated in section 227.020 shall be under the jurisdiction and control of the commission...." Furthermore, § 227.030.1 provides that construction and maintenance of the highway system, and all work incidental to that system, is under the general supervision and control of the MHTC. In *Crofton v. Kansas City,* 660 S.W.2d 709 (Mo.App.1983), this court addressed a similar contention albeit not in the context of sovereign immunity. In *Crofton* the issue was whether the City of Kansas City owed a duty of care to plaintiffs who were injured as a result of an automobile accident on U.S. Highway 50 where the evidence established that at the time of the accident U.S. 50 was built, owned and maintained by the MHTC. *Id.* at 710. Plaintiffs argued that the city had joint or mutual control over the state highway. The court found that the city owed no duty to plaintiffs, reasoning that even if the city claimed power and authority over the section of U.S. 50 in question the city would be wrong because,

"[a]ppellant-city has no authority or power to vest itself with any powers or authority not granted to it by the state." *Id.* at 717.

Neither the City nor the School District can be held liable as public entities merely because the accident occurred on the property of another public entity. *See Claspill,* 809 S.W.2d at 89. In *Claspill,* a plaintiff alleged a defective condition was created by a public entity's employees on property owned by a second public entity. In rejecting plaintiff's claim, this court held that, "the legislature did not so broadly expand the waiver of sovereign immunity so as to make all public entities liable for conditions on other public entities' lands over which they have some control." *Id.* It was concluded that the respondent in the case could not be successfully sued under § 567.600 because it was not the public entity that owned the property in question. *Id.*

Ms. Summitt cites *James v. Farrington,* 844 S.W.2d 517 (Mo.App.1992), as controlling, contending that "ownership" of the subject property is not an element needed to establish a waiver of sovereign immunity; rather it is the extent of the entity's exercise of control which is important. In *James,* this court examined the issue of whether part of a church rented to the election board as a polling place constituted a public entity's property. The election board had full and total control of that portion of the church used for the elections while the elections were being conducted. The election board had both "statutory authority and the actual ability to monitor the polling place, exclude unauthorized persons and generally, exercise control over the Fellowship Hall and the entrance, during election proceedings." *Id.* at 519–20. Such facts are readily distinguishable to those in the instant case. Neither the School District nor the City had exclusive control or possession of the property at issue, AA Highway, the MHTC does. The MHTC is given the statutory authority to place danger signals and warning signs on the state highways in § 227.200.

There is nothing in the record that establishes that AA Highway is the property of the City or the School District. Accordingly,

Ms. Summitt has failed to state a claim upon which relief can be granted as the conditions for waiver of sovereign immunity are not met.

The order of the trial court is affirmed.

All concur.