Michael KINNEY, Appellant–Respondent,

v.

SCHNEIDER NATIONAL CARRIERS, INC., et al.; Defendant

Allstate Insurance Company, Respondent–Appellant.

Nos. WD 66429, WD 66501.

Missouri Court of Appeals, Western District.

Jan. 30, 2007.

Michelle B. O'Neal, Joplin, Scott R. Pettit, Aurora, John A. Cowherd, Mount Vernon, MO, for Appellant–Respondent.

Paul P. Hasty, Jr., Overland Park, KS, for Respondent–Appellant.

Richard E. McLeod, Kansas City, MO, for Defendant, Schneider.

Steven H. Mustoe, Kansas City, MO, for Defendant, 3–C, Inc.

Before THOMAS H. NEWTON, P.J., PATRICIA A. BRECKENRIDGE, and JOSEPH M. ELLIS, JJ.

THOMAS H. NEWTON, Presiding Judge.

Mr. Michael Kinney became a paraplegic as a result of an automobile accident while traveling in his employer's car on a business trip. Mr. Joshua Cousins, the driver of the second vehicle caused the accident by making a u-turn on a highway. Mr. Kinney sued Schneider National Carriers (Schneider) for the negligence of their employee who operated the third vehicle involved in the accident. He sued Aurora Chrysler–Dodge–Jeep (Aurora) for selling his employer a defective automobile. He subsequently added 3–C, a dissolved corporation, as the entity that owned and operated Aurora when the automobile was sold. Mr. Kinney settled with Mr. Cousins's insurance company for the limit of his liability policy of $25,000. Mr. Kinney also sued Allstate insurance (Allstate), his employer's insurer, as a party to the suit for the remaining liability of Mr. Cousins under the uninsured motorist (UM) and underinsured motorist (UIM) clauses of the automobile insurance policy.

Prior to the lawsuit against Allstate, Mr. Kinney wrote a letter to Allstate requesting permission to settle with Mr. Cousins and also seeking permission to name Allstate in the lawsuit. In it he stated:

In addition and in anticipation that Allstate will deny coverage to Mr. Kinney under the uninsured and underinsured provisions of the applicable policy, we are awaiting to file a lawsuit naming Schneider ..., Aurora Chrysler–Dodge–Jeep, L.L.C., and Allstate Insurance as defendants.... Accordingly I am also writing this letter on behalf of my client so as to request consent from Allstate to proceed with filing a lawsuit naming Schneider ..., Aurora, and Allstate Insurance as defendants. As there are additional defendants besides Allstate with potentially a considerable amount of liability, we anticipate that you will agree to this lawsuit.

In a written response, Allstate gave permission to the settlement with Mr. Cousins's insurance company and did not object to a lawsuit being filed listing Allstate as a defendant. Following its consent to the lawsuit, Allstate discussed an objection to application of the UM coverage but not the UIM coverage, stating:

The final issue we discussed was that of the applicability of Uninsured Motorist benefits with regard to the circumstances presented in this loss.... This accident occurred in the state of Oklahoma. Mr. Cousins is a resident of the state of Oklahoma and his vehicle was garaged and insured in Oklahoma at the time of this accident. Uninsured motorist coverage is optional in the state of Oklahoma. The issue of whether or not

Mr. Cousins had uninsured motorist coverage ... is irrelevant to this case.

After the lawsuit was filed, Allstate filed a motion to dismiss, claiming that under the terms of the policy, it was premature to add them as a party. The policy was attached to the motion, and the policy language used to justify it is as follows: "We will pay under this coverage if a or b below applies: a. The limits of any applicable liability bonds or policies have been exhausted by judgments or payments."

Additionally, the policy provides: "We will not make a duplicate payment under this Coverage for any element of 'loss' for which payment has been made by or for anyone who is legally responsible."

The trial court granted the motion to dismiss without prejudice. Mr. Kinney requested the trial court to amend the judgment to find "that there is no just reason for delay." The trial court granted this request and certified the judgment as final by adding this language.

Mr. Kinney appeals and asserts that the motion to dismiss was transformed into a summary judgment motion since the policy was attached to the motion and a genuine issue of material fact existed as to whether Allstate waived its right to object to being joined because it had consented to being joined and it had a right to participate in the case and expressly agreed to do so. Mr. Kinney also argues that Allstate should be estopped from requesting a dismissal of the action; and, finally, Mr. Kinney argues that Allstate was not entitled to a dismissal because the terms of the policy were ambiguous and should be construed against the insurance company. Because Allstate waived its right to object to being joined, we reverse and remand to the trial court.

■ Allstate contends that the trial court improperly amended its judgment dismissing Allstate without prejudice, to add a certification that "there is no just reason for delay" under Rule 74.01. The trial court's certification that "there is no just reason for delay" is not conclusive and we review the partial judgment to see if it qualifies as a final judgment. *Sisk v. Union Pac. R.R.*, 138 S.W.3d 799, 802 (Mo. App. W.D.2004).

■ For a judgment to be appealed it must be a final judgment. *Id.* To be final, a judgment normally must resolve all issues, leaving nothing for future determination. *Id.* However, under Rule 74.01, when there are multiple claims or parties, the trial court can certify a partial judgment as final if it determines that there is no just reason for delay. *Id.* Whether such an order is final and therefore appealable is determined by the "content, substance, and effect of the order." *Id.* For an order to be final it must dispose of a "distinct judicial unit". *Id.* "A judgment that dismisses one of two defendants on the basis of a defense available to only the dismissed defendant constitutes a 'distinct judicial unit' reviewable on appeal." *Id.* The insurance policy defense was only available to Allstate, therefore Allstate's dismissal was a distinct judicial unit, and the order was final as to Allstate. Thus, the order was properly certified as having "no just reason for delay," and this court has jurisdiction to review the dismissal.

■■ Additionally, we have jurisdiction to review this dismissal because it precludes adjudication of whether Allstate waived its right to object to the lawsuit. Normally, a dismissal without prejudice is not a final appealable decision. *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997). However, if the dismissal precludes adjudicating an issue in a subsequent suit, it is a final judgment and appealable. *Id.* Because the trial court's dismissal precluded adjudicating

Mr. Kinney's claim that Allstate had waived its right to not be a party in the case, the dismissal was final and appealable, and the certification of having "no just cause for delay" was appropriate. Having determined that the certification of the judgment was final and subject to appellate review, we turn to the merits of the appeal.

■■ Mr. Kinney's appeal claims that Allstate waived its right to not be a party to the case, because it had a right to participate in the case and expressly agreed to do so. Because matters outside of the pleadings were attached to the motion to dismiss for failure to state a claim, and the trial court did not exclude them, the motion to dismiss was converted into a motion for summary judgment. *Geary v. Mo. State Employees' Retirement Sys.*, 878 S.W.2d 918, 921 (Mo.App. W.D.1994). The moving party that attaches material outside of the pleadings in its motion to dismiss is charged with knowledge that the motion is automatically converted into a summary judgment motion. *Id.* We review a grant of summary judgment *de novo*. *Id.* We review the evidence in the light most favorable to the party "against whom summary judgment was granted." *Id.* We review to determine if there is a genuine issue of fact and if the judgment was correct as a matter of law. *Id.*

■ Where the facts purported to be in dispute are only opinions over the legal effect of documents determinative of legal rights, there is no dispute of material fact. *Hougland v. Pulitzer Publ'g Co.*, 939 S.W.2d 31, 33 (Mo.App. E.D.1997). The only dispute involves the opinions of both parties as to the legal effect of the language of the letter. Thus, no issue of material fact is in dispute.

■ However, Allstate was not entitled to summary judgment as a matter of law because in the letter Allstate waived its right to object to being in the lawsuit. "A waiver is an intentional relinquishment of a known right." *Austin v. Pickett*, 87 S.W.3d 343, 348 (Mo.App. W.D.2002). For conduct to imply waiver, the conduct must clearly and unequivocally show a purpose to relinquish the right, such " 'that no other reasonable explanation of the conduct is possible.' " *Id.* (citation omitted).

■ By stating that it had no objection to the lawsuit, Allstate waived its right to object to being joined because it had consented to being joined and it had a right to participate in the case and expressly agreed to do so. Normally, where a UIM provision such as the one in this case is involved, there is no cause of action against the insurance company until the liability limits for all liable parties have been exhausted. *State ex. rel Shelton v. Mummert*, 879 S.W.2d 525, 528–29 (Mo. banc 1994). An insurance company has the right to intervene in a lawsuit against an underinsured, where the company's policy may be implicated if the underinsured is found liable. *Id.* By failing to object to the lawsuit naming it as a party, the insurance company chose to intervene and therefore waived its further right to dismiss itself from the lawsuit.

When Allstate responded that it had no objection to being a named party in the lawsuit, it did so with a copy of the petition, and a copy of the letter explaining why Mr. Kinney wished to join them as a party. Mr. Kinney had written in anticipation of Allstate denying coverage and wished to join Allstate, in the event that Allstate approved a settlement with Mr. Cousin's insurance company, and didn't want to have to litigate the issue of fault in two different lawsuits. If Allstate wished to exercise its right not to participate in this trial it was free to do so. But having informed Mr. Kinney that it did not object

to being included in the lawsuit, it waived this right.

In conclusion, since the waiver issue is dispositive of this case and, as a matter of law, the dismissal should not have been granted, the other issues raised will not be discussed. Thus, this case is reversed and remanded to the trial court for further proceedings.

PATRICIA A. BRECKENRIDGE, and JOSEPH M. ELLIS, JJ. concur.